Daniel C. Girard (State Bar No. 114826)
Angelica M. Ornelas (State Bar No. 285929)
Simon S. Grille (State Bar No. 294914)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
dgirard@girardsharp.com
aornelas@girardsharp.com
sgrille@girardsharp.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| ANGELA GARR, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT**<br><br>**CLASS ACTION**<br><br>**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff Angela Garr, individually and on behalf of others similarly situated, alleges the following against Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant"):

**NATURE OF ACTION**

1. Wells Fargo has repeatedly called Plaintiff Angela Garr's cellular phone concerning a mortgage loan that does not belong to her. Wells Fargo used an automatic telephone dialing system ("ATDS") and an artificial or prerecorded voice to make these calls.

2. Ms. Garr has never had a customer or borrower relationship with Wells Fargo and has never consented to receive calls from Wells Fargo. Plaintiff informed Wells Fargo that it has the wrong number when it called her, and she has asked Wells Fargo to stop calling her. Wells Fargo, nevertheless, continues to make calls to her without her consent.

3. Plaintiff brings this class action for damages and other equitable and legal remedies resulting from Defendant's violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

**JURISDICTION AND VENUE**

4. This Court has original jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331, because they present a federal question.

5. This Court has personal jurisdiction over Wells Fargo because its principal place of business is within this District, and it has sufficient minimum contacts in California to render the exercise of jurisdiction by this Court proper and necessary.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because Wells Fargo's principal place of business is within this District.

**INTRADISTRICT ASSIGNMENT**

7. Pursuant to Civil Local Rule 3-2(c) and (d), intradistrict assignment to the San Francisco Division is proper because a substantial part of the conduct at issue in this case occurred in San Francisco County.

**PARTIES**

8. Plaintiff Angela Garr resides in Grand Prairie, Texas.

9. Defendant Wells Fargo is a national bank with a principal corporate address at 420 Montgomery Street, San Francisco, California 94104.

**FACTUAL ALLEGATIONS**

**A.   Wells Fargo Made Non-Emergency Calls to the Cellular Phones of Plaintiff and Other Consumers Without Their Prior Express Consent**

10. Plaintiff's telephone number, (XXX) XXX-9596, is, and at all relevant times has been assigned to a cellular telephone service.

11. Wells Fargo called Plaintiff's cellular phone repeatedly over the course of the past two years.

12. Wells Fargo's calls pertain to a mortgage loan.

13. Wells Fargo's calls were not made for an emergency purpose.

14. Wells Fargo's calls to Plaintiff's cellular phone were intended for a man named Chris Pendle. Plaintiff does not know and has never met anyone named Chris Pendle.

15. Plaintiff also received emails from Wells Fargo, which are directed to Chris Pendle and pertain to a mortgage loan account that does not belong to Plaintiff.

16. Plaintiff has never been a customer of Wells Fargo and has never borrowed money from Wells Fargo. Plaintiff does not have a mortgage loan with Wells Fargo.

17. Plaintiff did not provide her cellular telephone number to Wells Fargo and never provided express consent for Wells Fargo to call her about Mr. Pendle's mortgage or any other subject matter.

18. Plaintiff's cellular phone number has been registered on the national do-no-call registry since February 6, 2008.

19. Plaintiff answered certain calls placed by Wells Fargo when they first began in 2016, informed Wells Fargo that she was not the intended recipient of the calls, and requested that Wells Fargo stop calling her.

20. Plaintiff continued to receive calls from Wells Fargo after asking Wells Fargo to stop calling her and place her cellular phone number on Wells Fargo's do-not-call list.

21. Plaintiff also responded to e-mail communications she received that were addressed to Mr. Pendle by informing Wells Fargo that she was not Mr. Pendle and that her contact information should be not be used by Wells Fargo to reach him.

22. The FCC cited Wells Fargo for violations of the TCPA in 2008.

23. Wells Fargo also has been sued multiple times for the same calling behavior described in this complaint.

**B.   Wells Fargo Used an Automatic Telephone Dialing System and an Artificial or Pre-recorded Voice**

24. Each time that it called her cellular phone, Wells Fargo called Plaintiff using an ATDS. Plaintiff noted a pause before the start of each message she received when she did not answer, and before being connected with a Wells Fargo agent when she did answer, which is characteristic of a call placed by an ATDS.

25. Wells Fargo also called Plaintiff using a prerecorded or artificial voice, as evidenced by the tone and cadence of the voice on these calls.

26. Based on past FCC citations made against Wells Fargo, prior TCPA cases brought against Wells Fargo, and pending actions against Wells Fargo, Plaintiff understands that Wells Fargo's business model incorporates the use of an ATDS and artificial or pre-recorded voice to communicate with individuals.

27. With approximately 70 million[1] customers, the scale of Wells Fargo's business requires the use of a sophisticated dialing system capable of storing phone numbers and dialing them automatically, as well as delivering messages without requiring the involvement of human agents.

28. The calls Plaintiff received were made by automated equipment as part of a broader campaign by Wells Fargo in connection with its mortgage lending products. Accordingly, numerous individuals were contacted by Wells Fargo under circumstances similar to those experienced by Plaintiff.

29. Given that Wells Fargo is headquartered in San Francisco and that ATDS use is central to Wells Fargo's business, the decision to use an ATDS was either made or ratified in San Francisco.

---

[1] https://www08.wellsfargomedia.com/assets/pdf/about/corporate/wells-fargo-today.pdf (last visited Nov. 13, 2018).

**C.     Wells Fargo's Violations of the TCPA Harmed Plaintiff**

30.     During the relevant period, Plaintiff has carried her cellular phone with her at most times so that she can be available to family, friends, and her employer.

31.     Wells Fargo's repeated calls invaded Plaintiff's privacy and intruded upon her right to seclusion. The calls frustrated and upset Plaintiff by constantly interrupting her daily life and wasted her time.

32.     Wells Fargo's calls intruded upon and occupied the capacity of Plaintiff's cellular phone and depleted the battery of Plaintiff's cellular phone. The calls temporarily seized and trespassed upon Plaintiff's use of her cellular phone, and caused her to divert attention away from other activities to address the calls. The clutter of Wells Fargo's calls also impaired the usefulness of the call log feature of Plaintiff's cellular phone.

## CLASS ACTION ALLEGATIONS

33.     Plaintiff brings this lawsuit under Federal Rules of Civil Procedure Rules 23(a), (b)(2), and (b)(3) as a representative of the following class:

> Each person within the United States who, on or after March 1, 2016, (1) received a non-emergency call to his or her cellular telephone; (2) from Wells Fargo; (3) through the use of an ATDS and/or an artificial or prerecorded voice; (4) in connection with an existing or prospective Wells Fargo mortgage loan product; and (5) who did not have an existing customer relationship at the time of the calls or had a past relationship but had expressly withdrawn consent to be contacted by such means.

Plaintiff reserves the right to amend the class definition following an appropriate period of discovery.

34.     Excluded from the Class are Wells Fargo, its employees, agents and assigns, and any members of the judiciary to whom this case is assigned, their respective court staff, and Plaintiff's counsel. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class; it does not seek recovery for personal injury, wrongful death, or emotional distress.

35.     Because auto-dialing equipment maintains records of each contact, members of the above-defined Class can be identified through Wells Fargo's records.

**Numerosity**

36. At the time of filing, Plaintiff does not know the exact number of Class Members. But the volume of cellular telephone numbers reassigned on a daily basis[2], the volume of mortgage loans initiated or serviced by Wells Fargo, and the number of consumers identified as putative class members in the settled case of *Markos v. Wells Fargo, Bank, N.A.*, Case No. 1:15-cv-01156 (N.D. Ga.) indicate that Class Members likely number in the hundreds of thousands, if not millions, and are geographically disbursed throughout the country.

37. The alleged size and geographic disbursement of the Class makes joinder of all Class Members impracticable.

**Commonality and Predominance**

38. Common questions of law and fact exist with regard to each of the claims and predominate over questions affecting only individual Class members. Questions common to the Class include:

    a. Whether Wells Fargo's dialing system(s) constitute an ATDS under the TCPA;

    b. Whether Wells Fargo used an ATDS to place non-emergency calls on the cellular telephones of Plaintiff and Class members without their prior express consent;

    c. Whether Wells Fargo used an artificial or prerecorded voice in connection with the placement of non-emergency calls on the cellular telephones of Plaintiff and Class members without their prior express consent;

    d. Whether Wells Fargo's telephone calls were made knowingly or willfully;

    e. Whether Plaintiff and Class members were damaged by receiving such calls; and

    f. Whether Wells Fargo should be enjoined from engaging in such conduct in the future.

**Typicality**

39. Plaintiff's claims are typical of the claims of the Class, in that Plaintiff, like all Class Members, has been injured by Wells Fargo's uniform misconduct—the placement of Wells Fargo

---

[2] According to the Federal Communications Commission, as many as 100,000 cell numbers are reassigned every day. *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 F.C.C. Rcd. 7961 (July 10, 2015).

mortgage loan calls to cellular telephones for non-emergency purposes without the prior express consent of the called parties.

### Adequacy of Representation

40. Plaintiff will fairly and adequately protect the interests of the Class and is committed to the vigorous prosecution of this action. Plaintiff has retained counsel experienced in class action litigation and matters involving TCPA violations.

### Superiority

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the amount of each individual Class member's claim is small relative to the complexity of the litigation, and because of Wells Fargo's financial resources, class members are unlikely to pursue legal redress individually for the violations detailed in this complaint. Class-wide damages are essential to induce Wells Fargo to comply with Federal law. Individualized litigation would significantly increase the delay and expense to all parties and to the Court and would create the potential for inconsistent and contradictory rulings. By contrast, a class action presents fewer management difficulties, allows claims to be heard which would otherwise go unheard because of the expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CLAIM FOR RELIEF
### Negligent Violation of the Telephone Consumer Protection Act
### 47 U.S.C. §§ 227, *et seq.*

42. Plaintiff incorporates the above allegations by reference.

43. Wells Fargo used an automatic telephone-dialing system and/or an artificial or prerecorded voice to make non-emergency calls to the cellular telephones of Plaintiff and Class members, without their prior express consent.

44. The foregoing acts and omissions constitute negligent violations of the TCPA, including, but not limited to, violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §§ 64.1200(a)(1)(iii).

45. Under 47 U.S.C. § 227(b)(3)(B), and as a result of the alleged negligent violations of the TCPA, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call placed in violation of the TCPA.

46. Plaintiff and Class members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

### SECOND CLAIM FOR RELIEF
**Knowing or Willful Violation of the Telephone Consumer Protection Act**
**47 U.S.C. §§ 227, *et seq*.**

47. Plaintiff incorporates the above allegations by reference.

48. Wells Fargo used an automatic telephone-dialing system and/or an artificial or prerecorded voice to make non-emergency calls to the cellular telephones of Plaintiff and Class members, without their prior express consent.

49. The foregoing acts and omissions constitute knowing and/or willful violations of the TCPA, including, but not limited to, violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §§ 64.1200(a)(1)(iii).

50. Under 47 U.S.C. § 227(b)(3)(C), and as a result of the alleged knowing and/or willful violations of the TCPA, Plaintiff and Class Members are entitled to an award of $1,500.00 in statutory damages for each and every call placed in violation of the TCPA.

51. Plaintiff and Class Members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class defined above, respectfully requests that this Court:

A. Determine that the claims alleged herein may be maintained as a class action under Federal Rule of Civil Procedure 23, and issue an order certifying the class defined above and appointing Plaintiff as the Class representative;

B. Award $500 in statutory damages for each and every call that Wells Fargo negligently placed in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

C. Award $1,500 in statutory damages for each and every call that Wells Fargo willfully or knowingly placed in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

D. Grant appropriate injunctive and declaratory relief, including, without limitation, an order requiring Wells Fargo to implement measures to stop future violations of the TCPA; and

7
CLASS ACTION COMPLAINT
CASE NO.

    E.    Grant such further relief as the Court deems proper

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all counts so triable.

Dated: November 15, 2018               Respectfully submitted,

*/s/ Simon S. Grille*

Daniel C. Girard (State Bar No. 114826)
Angelica M. Ornelas (State Bar No. 285929)
Simon S. Grille (State Bar No. 294914)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
dgirard@girardsharp.com
aornelas@girardsharp.com
sgrille@girardsharp.com

*Attorneys for Plaintiff and putative Class Members*